Marc PLAVIN and Toni Reiss, Parents and Next Friends of Rachel Leah Reiss–Plavin, Petitioners,

v.

SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

No. 91–1555V.

United States Court of Federal Claims.

Aug. 25, 1998.

Robert T. Moxley and Richard Gage, Cheyenne, Wyoming, for petitioners.

Mary Hampton Mason and Karen P. Hewitt, Washington, DC, for respondent, with whom were Assistant Attorney General Frank W. Hunger, Director Helene M. Goldberg, Deputy Director John Lodge Euler, and Assistant Director Gerard W. Fischer.

## ORDER

MOODY R. TIDWELL, III, Senior Judge.

This case is again before the court after the special master's "Report on Remand," filed June 16, 1998. *Plavin v. Sec. of HHS*, No. 91–155V, 1998 WL 408793 (Fed.Cl.Sp. Mstr. June 16, 1998) ("Report on Remand"). As a result of a request by petitioners, this court also allowed the parties to file "post-remand comments," which were filed on July 1, 1998 by petitioners and on July 8, 1998 by respondent. Previously, on March 19, 1998, this court issued its order on petitioners' motion for review of the September 18, 1997 decision of the special master denying compensation to Rachel Plavin ("Rachel") under the National Childhood Vaccine Injury Act ("Vaccine Act"), 42 U.S.C. § 300aa–1–34 (1994). *Plavin v. Sec. of HHS*, 40 Fed.Cl. 609 (1998) ("Remand Order"). Such order remanded the captioned case for findings on two narrow issues related to the special master's finding that tuberous sclerosis ("TS") is the "factor unrelated" that caused Rachel's condition: (1) whether the special master would uphold that finding without considering the finding that DPT does not generally cause infantile spasms or afebrile seizures of the type that Rachel experienced; and (2) whether Rachel actually experienced any symptoms of a vaccine injury outside of her seizure. *Id.* at 614. On April 21, 1998, while the case was on remand to the Special Master, this court denied petitioners' request, filed April 8, 1998, to expand the scope of the remand proceedings. *Plavin v. Sec. of HHS*, No. 91–1555V (Fed.Cl. Apr. 21, 1998). The Special Master had also previously denied petitioners' request to expand the scope of the remand proceedings. *Plavin v. Sec. of HHS*, No. 91–1555V (Fed.Cl.Sp.Mstr. Apr. 7, 1998).

On remand, the special master held a hearing on May 6, 1998 to allow petitioners the opportunity to present evidence on the remand issues. The petitioners chose to present at the hearing only the testimony of Rachel's mother, Ms. Reiss. During the telephonic hearing, Ms. Reiss testified as to her recollection of Rachel's behavior before and after Rachel's September 15, 1989 DPT vaccination. In addition, the court and the parties questioned Ms. Reiss about her recollection of the events set forth in the written records of Dr. Jacqueline Campbell, Rachel's pediatrician at the time of the vaccination. The parties also submitted the transcribed testimony of Dr. Jacqueline Campbell, previously taken on June 20, 1994, and confirmed as accurate by Dr. Campbell in a letter dated May 27, 1998. *See* Pets. Ex. 78; Resp. Exs. V and Y. The special master also allowed the parties to file remand briefs. In addition, expert reports were submitted by both parties that interpreted the evidence obtained during the remand proceedings. Petitioners filed the report of Dr. Marcel Kinsbourne, and respondent filed the reports of Dr. Manuel Gomez and Dr. Mary Anne Guggenheim. Pets. Ex. 80; Resp. Exs. W and X.

Based upon all of the evidence and briefs filed during the remand proceedings, the special master concluded that Rachel's seizures were not "part of an overall vaccine reaction because she did not experience the symptomatology that would encompass such a reaction." Report on Remand at 6. The special master further stated that "[i]n the absence of fever, anorexia, high-pitched crying, insomnia, excessive irritability, or inconsolable screaming, the court is hard-pressed to see anything more than the working out of Rachel's TS coincidentally on the date of the DPT vaccination." *Id.* Presumably in response to this court's concern over whether Dr. Campbell's notation in the record of Rachel's "fussiness" could signal a vaccine reac-

tion, *see* Remand Order at 16, the special master found, after the questioning on this issue during the remand hearing, that being " 'fussy', i.e. cr[ying] more than normal, is too general a symptom to ascribe to a serious reaction" in this case. *Id.* at 5. Finally, the special master stated that "[a]lthough [Rachel] had gas after the vaccination, she experienced abdominal pain before the DPT." *Id.*

In her report, the special master stated that she found credible and reliable the reports of Drs. Gomez and Guggenheim, which opined that the cause of Rachel's seizures and current condition was TS alone, and not her vaccination. In their reports, the doctors explained in detail the factors leading up to their conclusions on Rachel's case. The special master stated in her report that she relied most heavily on the report of Dr. Gomez, the world's expert on TS. The special master found less credible the report of Dr. Kinsbourne, which was characterized as largely unresponsive to the narrow issues on remand, and as an attempt to relitigate issues addressed in the TS Omnibus proceeding.

The special master therefore concluded that "TS is the factor unrelated to the DPT vaccine that caused Rachel's seizure disorder and current condition." *Id.* at 8. In addition, the special master held that "[i]gnoring, as Judge Tidwell directed, whether or not DPT can cause infantile spasms or other afebrile seizures, the court holds that in Rachel's case, absent any indicia of a vaccine reaction, respondent has successfully proved that TS caused in fact Rachel's seizures and current condition." *Id.*

■ As explained in detail in this court's March 19, 1998 order, in reviewing decisions, findings and conclusions of the special master, the court may (1) uphold the findings of fact and conclusions of law and sustain the decision, (2) set aside any findings of fact or conclusions of law found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law," or (3) remand the petition to the special master for further action in accordance with the court's direction. 42 U.S.C. § 300aa-12(e)(2). The court reviews findings of fact

and law under the narrow "arbitrary and capricious" standard. *See McCarren v. Secretary of HHS,* 40 Fed.Cl. 142, 144–47 (1997). The scope of review is exceedingly narrow; a court "may not substitute its own judgment for that of the special master if the special master has considered all relevant factors, and has made no clear error of judgment." *Costa v. Secretary of HHS,* 26 Cl.Ct. 866, 868 (1992) (quoting *Loe v. Secretary of HHS,* 22 Cl.Ct. 430, 432 (1991)).

■ The court is very satisfied with the special master's handling of the proceedings on remand. This court in its March 19, 1998 order gave very specific instructions as to the issues to be addressed during the remand proceedings. The special master allowed the parties a chance to present any fact witnesses to testify as to such issues, and to present such witnesses in person, although the parties chose to hold the hearing by telephone. In addition, the parties were permitted to file expert reports and any additional documents for the record in support of their positions. Finally, the special master allowed the parties to file briefs on remand. In the Report on Remand, the special master more than adequately addressed the court's concerns in the March 19, 1998 order and reached factual conclusions based upon rational findings of credibility and an accurate and complete understanding of the voluminous record in this case. Accordingly, after careful consideration of the proceedings and findings on remand, this court holds that the special master's decision on remand was well in accordance with law, and was not arbitrary, capricious or an abuse of discretion.

At the request of petitioners, in a June 23, 1998 order this court permitted the parties to file limited comments on the special master's report on remand. Despite this court's order that such comments be limited "strictly to the remand proceedings and findings," petitioners filed a lengthy brief largely attempting to again raise many of the TS Omnibus issues. This court refers petitioners to the March 19, 1998 order in response to many of petitioners' arguments. Petitioners' sole argument relevant to the remand proceedings was that the special master failed to adequately put aside the finding that DPT does

not generally cause afebrile seizures of the type that Rachel experienced in making the findings on remand. After reviewing petitioners' extensive remarks on this issue, and after a review of the proceedings and the basis for the special master's findings on remand, however, the court wholly disagrees with petitioners. The special master properly set aside what petitioners call the "seizure-type" theory, and instead relied on extensive fact-specific evidence indicating that Rachel's condition was due to a factor unrelated to her DPT vaccine, i.e., her pre-existing TS. Accordingly, after carefully considering all of petitioners' arguments in their memorandum in support of their motion for review, and respondent's comments in response to petitioners' brief, this court disagrees with petitioners' post-remand comments and affirms the findings of the special master.

## CONCLUSION

This court has carefully considered all of petitioners' concerns voiced in its July 1, 1998 post-remand comments. As to the limited issues on remand, the court is satisfied with the findings and support for those findings by the special master. The limited and general finding that DPT does not generally cause infantile spasms or afebrile seizures such as the one Rachel suffered was reversed in this court's March 19, 1998 remand order. The Report on Remand, however, which is affirmed by this court, found that even without that finding, the prior denial of entitlement to a program award in the captioned case should be upheld. Accordingly, petitioners' motion for review and memorandum in support of its motion for review, filed October 20, 1997, and petitioners' post-remand comments, filed July 1, 1998, are DENIED. The effect of such denial is that the special master's finding that Rachel Plavin is not entitled to a program award is affirmed. The Clerk shall enter judgment accordingly.

As a final note, petitioners' counsel are forewarned to cease their repeated attempts to discredit the Special Master, for example by sarcastically referring to her as "Dr. Millman" in their post-remand comments, as this is not looked upon kindly by this court. While petitioners certainly should have the opportunity to discredit or question the conclusions of any jurist, personal attacks are wholly unnecessary and improper. This court, therefore, will repeat its warning to petitioners in the March 19, 1998 Remand Order that "petitioners' irresponsible and intemperate attacks upon the special master are wholly without merit." Remand Order at 20.

**IT IS SO ORDERED.**